**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KATHLEEN BIESTERFELD, Individually,
As mother & Next Best Friend of
NICHOLAS BIESTERFELD, and
RONALD BIESTERFELD,

                 Plaintiff,

   v.                                   No.

ARIOSA DIAGNOSTICS, INC.; ARIOSA
DIAGNOSTICS CLINICAL
LABORATORY; and HARMONY
PRENATAL TESTING,

                 Defendants.

## NOTICE OF REMOVAL

The defendant, ARIOSA DIAGNOSTICS, INC. ("Ariosa"), by its attorneys, hereby removes this action, which is currently pending in the Circuit Court of Cook County Illinois (Case No. 2021 L 004834) to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its notice of removal, defendant states as follows:

### STATEMENT OF THE CASE

1.      Removal of this case is appropriate on the basis of diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      Plaintiffs filed their complaint in the Circuit Court of Cook County, Illinois on May 11, 2021, under Case No. 2021 L 004834. *See* Complaint, attached as Exhibit A. Plaintiffs seek recovery against defendant, Ariosa Diagnostics, Inc., alleging violation of the Illinois Consumer Fraud Act, Common Law Fraud, Breach of Express Warranty, Breach of Implied

Warranty of Merchantability, and negligence in connection with a Harmony Prenatal Test performed on Kathleen Biesterfield. Specifically, plaintiffs allege that Ariosa Diagnostics, Inc., misrepresented the accuracy of the Harmony Prenatal Test in detecting chromosomal abnormalities, including the chromosomal abnormality Trisomy 21 (Down syndrome) and, as a result, plaintiffs suffered injuries, harm, and economic loss for the past, present and future. *See id.* at ¶¶ 15 and 21.

3.      In the complaint, plaintiffs pray for relief "in an amount in excess of Fifty Thousand Dollars ($50,000.00)." Ex. A, at 4, 6, 8, 9 and 10.

4.      In addition to Ariosa Diagnostics, Inc, plaintiffs' complaint names Ariosa Diagnostics Clinical Laboratory and Harmony Prenatal Testing, as defendants. *See* Ex. A. Plaintiff alleges that Ariosa Diagnostics Clinical Laboratory is a division of Ariosa Diagnostics, Inc. and located in San Jose California. *See* Ex. A, at ¶ 4.  Plaintiff makes no specific allegations as to the identity or location of Harmony Prenatal Testing. On information and belief, neither Ariosa Diagnostics Clinical Laboratory nor Harmony Prenatal Testing are legal entities that can properly be named as defendants in this matter.  As of this filing, the electronic docket of the Circuit Court of Cook County does not reflect service on either Ariosa Diagnostics Clinical Laboratory or Harmony Prenatal Testing.

5.      Defendant, Ariosa Diagnostics, Inc accepted service of the complaint on May 17, 2021. *See* May 17, 2021 Email accepting service, attached as Exhibit B.

## JURISDICTION & VENUE

6.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between plaintiffs and Ariosa Diagnostics, Inc and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     This notice of removal has been filed within 30 days of the date defendant received the complaint and accepted service. 28 U.S.C. § 1446(b)(1). Defendant's notice of removal is filed within one-year of the commencement of this action. *See* 28 U.S.C. § 1446(c)(1).

8.     Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois where the subject action was originally filed, and the acts complained of in the Plaintiff's Complaint occurred in DuPage County, Illinois.

## CITIZENSHIP OF THE PARTIES

9.     Pursuant to 28 U.S.C. § 1332(a)(1), there is complete diversity of citizenship between the plaintiffs and defendant to this action. *See* Ex. A, at ¶¶ 1 and 3.

10.     Plaintiffs reside in the Roselle, Illinois. *See* Complaint, Ex. A, ¶ 1.

11.     Ariosa Diagnostics, Inc., is a Delaware Company with its principal place of business in San Jose, California.  *See* Ariosa Diagnostics, Inc.'s Fed. R. Civ. P. 7.1 Disclosure Statement, ¶ 1, filed herewith.

## AMOUNT IN CONTROVERSY

12.     As the proponent of removal, the defendant has the burden of showing the minimum amount in controversy for diversity jurisdiction by a preponderance of evidence available at the time of removal. 28 U.S.C. § 1446(c)(2)(B); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties."). Once the removing party sets out the amount in controversy,

the plaintiff can only defeat jurisdiction by proving to a legal certainty that the claim seeks less than the jurisdictional amount. *Oshana*, 472 F.3d at 511. The Seventh Circuit has provided the legal standard concerning the amount in controversy requirement: "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metropolitan Property & Casualty Inc. Co.* 637 F.3d 827, 830 (7th Cir. 2011).

13.    Here, Plaintiffs' Complaint alleges that Plaintiffs "have suffered and will continue to suffer, emotional distress and financial costs in raising a child with Down Syndrome," and "have and will continue to suffer loss of income and earnings, past, present and future and earning capacity." Pl. Comp. at ¶¶ 101-102. Upon information and belief, the amount in controversy in this action, exclusive of interest and costs, exceeds Seventy-Five Thousand dollars ($75,000.00), pursuant to 28 U.S.C. § 1332(a). Although Plaintiffs do not plead a specific amount of damages in their complaint, plaintiffs request relief "in an amount in excess of Fifty Thousand Dollars ($50,000.00)." Complaint, Ex. A, at 4, 6, 8, 9 and 10. It is Ariosa's good-faith belief that the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand dollars ($75,000.00). Courts have routinely held that allegations of damages similar to those made by Plaintiff here make it "obvious from the face of the complaint that the plaintiffs' damages exceed[] the jurisdictional amount…." *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 942 (N.D. Ill. 2002). *See also Congdon v. Cheapcaribbean.com*, No 17 C 5502, 2017 WL 5069960 at *4-5 (N. Dist. Ill. Nov. 3, 2017); and *Stigleman v. Wal-Mart Stores, Inc.*, No. 16-1060, 2016 WL 1611577 at *3 (C. Dist. Ill. April 22, 2016).

14.    Furthermore, defendants can prove jurisdictional facts by reference to plaintiff's settlement demands or plaintiff's informal estimate of damages. See *Congdon* at *4 (*citing*

*Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). In this case, Plaintiffs in pre-suit communicatio*ns* indicated that the plaintiffs intended to claim in excess of $4 million as damages in this matter. Exhibit "C", attached hereto. Plaintiffs' claimed damages are far in excess of the jurisdictional requirement and leave no doubt that the amount in controversy requirement for removal has been satisfied.

15.     Thus, in the present action, plaintiff's allegations and claimed damages are more than enough to establish diversity jurisdiction and remove this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

16.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, orders, and documents from the state court action, are included with this notice of removal and attached as Exhibit D.

17.     Contemporaneous to filing this notice of removal, Ariosa Diagnostics, Inc. will file a notice of filing of notice of removal with the Clerk of the Circuit Court of Cook County, Illinois. *See* Notice of Filing, attached as Exhibit E. Defendant will also serve a copy of the same on plaintiff's counsel.

**WHEREFORE**, the defendant, ARIOSA DIAGNOSTICS, INC, hereby removes this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

**Dated**: June 8, 2021

Respectfully submitted,

By: _____

Sherri M. Arrigo, One of the Attorneys for the
Defendant, ARIOSA DIAGNOSTICS, INC

DONOHUE BROWN MATHEWSON & SMYTH LLC
Sherri M. Arrigo (ARDC No. 06236640)
Timothy L. Hogan (ARDC No. 6277672)
140 South Dearborn Street, Suite 800
Chicago, IL  60603
(312) 422-0900
service@dbmslaw.com
arrigo@dbmslaw.com
hogan@dbmslaw.com

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rule of Civil Procedure 5 and Northern District of Illinois Local Rule 5.5, the undersigned, an attorney of record in this case, hereby certifies that, on June 8, 2021, a true and correct copy of **NOTICE OF REMOVAL** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Dated:  June 8, 2021  _____