IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHLEEN BIESTERFELD, Individually
and as Respresentative of N.B.; and
RONALD BIESTERFELD,

           Plaintiffs,

v.

ARIOSA DIAGNOSTICS, INC.

           Defendant.

Case No. 1:21-cv-03085

**Judge Georgia N. Alexakis**

## ORDER APPROVING SETTLEMENT

THIS CAUSE coming to be heard on Plaintiff's Petition to Approve Settlement of Minor's Cause of Action, this Court being fully advised on the premises finds and orders as follows:

    1.    The Plaintiff filed a three-count Complaint against Defendant, ARIOSA DIAGNOSTICS, INC. (hereinafter "ARIOSA") on May 11, 2021. Plaintiff's Second Amended Complaint at Law was filed on February 3, 2025. Count I asserts that ARIOSA violated the Consumer Fraud and Deceptive Practices Act (815 ILCS 505/2), Count II asserts allegations under Common Law Fraud, and Count III asserts allegations under general negligence. The allegations against ARIOSA generally involve the wrongful birth of N.B., who was born on February 6, 2018 with Down syndrome despite being told through genetic testing manufactured by ARIOSA that N.B. did not have Down syndrome. The Plaintiffs allege that had they known N.B. would be born with Down syndrome, they would have terminated the pregnancy. As a result of N.B.'s birth, Kathleen and Ronald Biesterfeld alleged to have experienced and continue to experience the emotional distress of having a child with special needs. Further, Kathleen and Ronald Biesterfeld have alleged to have incurred and will continue to incur extraordinary medical expenses on behalf of N.B. as a result of him being born with Down syndrome. ARIOSA has and continues to expressly deny all liability for the injuries/causes of action giving rise to this settlement.

    2.    The claims against Defendant ARIOSA are settled for (**$1,250,000.00**).

    3.    This Court hereby finds that the total settlement amount of (**$1,250,000.00**) is fair, reasonable, and just.

    4.    The proposed distribution of the gross settlement proceeds of (**$1,250,000.00**) is allowed:

| | |
|---|---|
| Gross Settlement Proceeds | =$1,250,000.00 |
| Kathleen and Ronald Biesterfeld, Individually | =$612,000.00 |
| N.B., a minor | =$638,000.00 |

5. Pursuant to a fee agreement between the attorneys and the Plaintiffs, the attorneys for the Plaintiffs, VINKLER LAW OFFICES, LTD. and LAW OFFICE OF MARIAM HAFEZI are entitled to total fees in the amount of (**$416,666.66**) to be allocated as follows:

| | |
|---|---|
| 1/3 of $1,250,000.00 | =**$416,666.66** |
| VINKLER LAW OFFICES, LTD. | =**$277,777.78** |
| LAW OFFICE OF MARIAM HAFEZI | =**$138,888.88** |

6. The attorney's fees will be assessed against the gross settlement proceeds of Kathleen and Ronald Biesterfeld, Individually and N.B., a minor, as follows:

**Kathleen and Ronald Biesterfeld**:

| | |
|---|---|
| 1/3 of $612,000.00 | =**$204,000.00** |
| VINKLER LAW OFFICES, LTD. | =**$136,000.00** |
| LAW OFFICE OF MARIAM HAFEZI | =**$68,000.00** |

**N.B., a minor**:

| | |
|---|---|
| 1/3 of $638,000.00 | =**$212,666.66** |
| VINKLER LAW OFFICES, LTD. | =**$141,777.78** |
| LAW OFFICE OF MARIAM HAFEZI | =**$70,888.88** |

7. The proposed attorney's fees being assessed against the settlement for N.B., a minor appear fair and reasonable and are subject to further Order of the Probate Court.

8. VINKLER LAW OFFICES, LTD., attorneys for the Plaintiff, are entitled to reimbursement of expenses attributable to this lawsuit in the amount of (**$22,696.22**). VINKLER LAW OFFICES, LTD. is allowed to additionally hold in its Client Trust Account ($2,303.78) for the anticipated costs, bringing the total to (**$25,000.00**). The difference between the money held in escrow and the future costs will be refunded to Kathleen and Ronald Biesterfeld.

9. BCBS of Illinois ("BCBS") asserted a subrogation interest against this claim in the amount of ($21,562.24) which was negotiated to (**$1,793.68**) which reflects a reduction in the total subrogation interest due to unrelated charges, the common fund doctrine, and BCBS's pro-rata share of costs. The payment to BCBS to satisfy its subrogation interest in the amount of (**$1,793.68**) is allowed. The subrogation interest amount of (**$1,793.68**) shall be held by VINKLER LAW OFFICES, LTD. in its Client Trust Account and paid to BCBS.

10. Plumbers Welfare Fund ("Plumbers") asserted a subrogation interest against this claim in the amount of ($163,033.54) which was negotiated to (**$108,743.37**), which reflects a reduction in the total subrogation interest due to the common fund doctrine and Plumbers' pro-rata share of costs. The payment to Plumbers to satisfy its subrogation interest in the amount of (**$108,743.37**) is allowed. The subrogation interest amount of (**$108,743.37**) shall be held by VINKLER LAW OFFICES, LTD. in its Client Trust Account and paid to Plumbers.

11. Preferred Capital Funding of Illinois, LLC ("Preferred") asserted a lien interest

pursuant to a contract transferring an interest in this lawsuit and in the proceeds from this lawsuit in the amount of ($25,000.00) which has accrued interest and now totals (**$38,575.00**). The payment to Preferred to satisfy its interest in the amount of (**$38,575.00**) is allowed. The lien interest amount of (**$38,575.00**) shall be held by VINKLER LAW OFFICES, LTD. in its Client Trust Account and paid to Preferred.

12. During the pendency of this lawsuit, the Plaintiff, Ronald Biesterfeld was sued by American Express National Bank ("AMEX") (24AR1266) in the Circuit Court of DuPage County for consumer debt owed in the amount of ($23,188.52). Mr. Biesterfeld reached a settlement with AMEX to satisfy his debt with the proceeds from this lawsuit in the amount of (**$20,000.00**). The payment to AMEX to satisfy its lien interest in the amount of (**$20,000.00**) is allowed. The lien interest amount of (**$20,000.00**) shall be held by VINKLER LAW OFFICES, LTD., in its Client Trust Account and paid to AMEX.

13. There are no other known subrogation interests or liens being asserted against this settlement.

14. After payment of attorney's fees, reimbursement of litigation expenses, reimbursement of BCBS of Illinois, Plumbers' Welfare Fund, Preferred Capital Funding of Illinois, LLC, and American Express National Bank, the net settlement proceeds to be allocated to the Plaintiffs, Kathleen and Ronald Biesterfeld, Individually are (**$213,887.95**).

15. After payment of attorney's fees, the net settlement proceeds to be allocated to N.B., a minor is (**$425,333.34**), distributed as follows:

| | |
|---|---|
| Net Settlement Proceeds to N.B., a minor | =$425,333.34 |
| N.B., a minor (*guardianship account*) | =$100,333.34 |
| N.B. (*structured settlement, to begin upon reaching the age of majority*) | = $325,000.00 |

16. The amount distributable to a guardianship account for N.B., a minor, of (**$100,333.34**) shall be paid only to a guardian appointed by the Probate Division where the minor resides and this Court's Order shall be effective only after the entry in the Probate Division of an Order approving the bond or other security required to administer the settlement and distribution provided in this Court's Order.

17. With respect to the amount distributable pursuant to a structured settlement for N.B. once he reaches the age of majority, Defendant ARIOSA will fund a structured settlement including periodic payments at a cost of (**$325,000.00**) for N.B. The obligation to make the periodic payments to N.B. on/after the age of majority shall be assigned to New York Life Insurance & Annuity Corporation and funded by an annuity contract issued by New York Life Insurance Company rated A++ (Superior) by A.M. Best. The proposed allocation to a structured settlement for N.B., to begin payments upon reaching the age of majority is allowed and will be apportioned as follows:

| BENEFITS | GUARANTEED PAYOUT | COST |
|---|---|---|
| **Guaranteed Lump Sum Payment after age 18** $25,000.00 payable on 06/01/2036 (age 18 ½) | $25,000.00 | |
| **Monthly Payments Ages 18 - 40** $3,036.00 payable monthly, guaranteed for 22 years, beginning 07/01/2036 (approx. age 18 ½), with the last guaranteed payment on 06/01/2058 (approx. age 40) | $801,504.00 | |
| **Guaranteed Lump Sums** $25,000.00 payable on 02/06/2039 (age 21) $25,000.00 payable on 02/06/2043 (age 25) $25,000.00 payable on 02/06/2048 (age 30) | $25,000.00 $25,000.00 $25,000.00 | |
| **TOTAL** | $901,504.00 | $325,000.00 |

17. The total distribution of the settlement to Katleen and Ronald Biesterfeld of (**$612,000.00**) will be as follows:

| **Disbursements** | **Amount** |
|---|---|
| Vinkler Law Offices, Ltd. Attorneys' Fees | $136,000.00 |
| Law Office of Mariam Hafezi Attorney's Fees | $68,000.00 |
| Vinkler Law Offices, Ltd. Reimbursement of Costs | $25,000.00 |
| BCBS subrogation | $1,793.68 |
| Plumbers' Welfare Fund Subrogation | $108,743.37 |
| Preferred Capital Funding of Illinois, LLC lien | $38,575.00 |
| American Express National Bank lien | $20,000.00 |
| Allocation to Kathleen and Ronald Biesterfeld | $213,887.95 |
| **TOTAL:** | **$612,000.00** |

18. This Court finds that the total settlement to N.B., a minor of (**$638,000.00**) is approved, and the proposed distribution appears fair and reasonable and is subject to further Order of the Probate Court:

| **Disbursements** | **Amount** |
|---|---|
| Vinkler Law Offices, Ltd. Attorneys' Fees | $141,777.78 |
| Law Office of Mariam Hafezi Attorney's Fees | $70,888.88 |
| Allocation to the N.B. guardianship account | $100,333.34 |
| Allocation to the N.B. structured settlement | $325,000.00 |
| **TOTAL:** | **$638,000.00** |

18. Defendant ARIOSA DIAGNOSTICS, INC., and the entire case, is dismissed without prejudice with leave to reinstate on or before December 5, 2025, if necessary, to fulfill all settlement terms. Thereafter, the case shall be deemed, without further order of the Court, to be dismissed with prejudice.

19. The status hearing set for October 27, 2025 at 9:30 a.m. before Judge Georgia N. Alexakis is stricken.

IT IS THEREFORE ORDERED that the settlement is approved. The settlement amount approved herein with respect to N.B., a minor, shall be paid only to a guardian appointed by the Probate Division where the minor resides and this Order shall be effective only after the entry in the Probate Division or Circuit Court of an Order approving the bond or other security required to administer the settlement distribution provided for in this Order.

ENTERED: 10/21/25

_____
Georgia N. Alexakis
United States District Judge